UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN DOTZLER,

                      Plaintiff,

v.                                            **DECISION AND ORDER**
                                                      05-CV-699S

JO ANNE BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

      1.      Plaintiff John Dotzler challenges an Administrative Law Judge's ("ALJ") determination that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he has been disabled since December 1, 2000, due to borderline intellectual functioning, and learning disability. Plaintiff contends that his impairments render him unable to work. He therefore asserts that he is entitled to disability benefits under the Act.

      2.      On April 20, 2005, the ALJ denied Plaintiff's application for social security benefits. Plaintiff exhausted his administrative remedies[1] and filed the instant action on October 4, 2005, challenging the ALJ's decision. The parties subsequently filed Motions for Judgment on the Pleadings on March 6, 2007. After full briefing, this Court deemed oral argument unnecessary and took the motions under advisement on April 17, 2007. For the following reasons, Defendant's motion is granted and Plaintiff's motion is denied.

      3.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y

---

[1] The ALJ's decision became the Commissioner's final decision in this matter after the Appeals Council denied Plaintiff's request for review on August 1, 2005.

1

of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

    4.    "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

5.      The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. § § 404.1520, 416.920.  The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

6.      This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

7.      While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step.  See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The final step of this inquiry is, in turn, divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience.  Second, the Commissioner must determine whether jobs exist in the national

economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

8.   In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff engaged in substantial gainful activity in December 2000, and from October 2003 through September 2004 (R. at 16); (2) Plaintiff's impairments are considered "severe" impairments within the meaning of the Act (R. at 16); (3) Plaintiff's impairments do not meet or equal an impairment listed in Appendix 1, Subpart P, Regulations No. 4 (R. at 17); (4) Plaintiff retained the residual functional capacity to perform work activity with certain restrictions[2] (R. at 17); and (5) Plaintiff was able to perform his past relevant work.  (R. at 17).  The ALJ concluded that Plaintiff was not disabled within the meaning of the Act at any time prior to his decision.  (R. at 17).

9.   Plaintiff asserts a number of challenges to the ALJ's decision.  First, Plaintiff argues that the ALJ improperly rejected a 1997 ALJ determination that Plaintiff was disabled.  (Plaintiff's Brief, p. 3).

Plaintiff was previously found to be entitled to **child's supplemental security income** pursuant to an application protectively filed on March 19, 1990.  (R. at 11).  Plaintiff's disability was found to continue by decision of ALJ Grenville W. Harrop dated August 7, 1997.  (R . at 11).

On February 8, 2001, Plaintiff filed his present claim for **disability insurance**

---

[2]In particular, the ALJ found that Plaintiff had the following residual functional capacity: "no exertional, postural, or environmental limitations; a marked limitation in performing complex work which requires reading and writing inherent to job duties or work which requires the ability to learn complex tasks; a limited ability to perform work that involves extreme time stressors such as piece work or work which involves distractions; and a mild degree of limitation working with ordinary supervision."  (R. at 17).

**benefits** due to a learning disorder. (R. at 11). The Social Security Administration initially granted that application on the basis of collateral estoppel because Plaintiff was continuing to receive supplemental security income. (R. at 11). The Administration then conducted a continuing disability review, and determined that ALJ Harrop had mistakenly applied the child standard for disability, rather than the adult standard, in determining that Plaintiff was disabled in 1997. (R. at 11). The Administration concluded that collateral estoppel could not be used as a basis for granting Plaintiff's current disability benefits application, and found that a medical determination was necessary. (R. at 11).

The Administration completed a review of Plaintiff's eligibility for **supplemental security income** on June 5, 2002, and found that Plaintiff was disabled. (R. at 12). Defendant's Brief notes that these supplemental security income payments were later terminated because of excess earnings and unearned income from disability insurance benefits. (Defendant's Brief, p. 3, n. 3).

On October 31, 2002, the Administration denied Plaintiff's application for **disability insurance benefits** on the basis that he could perform his past relevant work as a dishwasher. (R. at 12).

In his present appeal, Plaintiff contends that the ALJ erred in finding that ALJ Harrop's 1997 determination that Plaintiff was disabled was not binding as a matter of collateral estoppel. Plaintiff points out that the procedure through which the Administration may reopen a prior determination is set forth in 20 C.F.R. §§ 404.987, 404.988, and 404.989. As a preliminary matter, this Court finds that the Administration's procedure for reopening a determination is not applicable, because there were two separate determinations: the prior ALJ determination in 1997 for **supplemental security income**,

and this case which deals with Plaintiff's 2001 application for **disability insurance benefits**.  (R. at 11-12).

Furthermore, as Defendant correctly argues, because the 1997 and 2001 determinations involved the application of different standards, collateral estoppel and res judicata do not apply. (Defendant's Reply Brief, p. 2-3).  The Second Circuit has explained that "[t]he related doctrines of res judicata (claim preclusion) and collateral estoppel (issue preclusion) are meant to protect parties from having to relitigate *identical claims or issues* and to promote judicial economy." Transaero, Inc. v. La Fuerza Aerea Boliviana, 162 F.3d 724, 731 (2d Cir., 1998) (emphasis added).  The record indicates that in the 1997 determination, ALJ Harrop found Plaintiff disabled as a child, which required a finding that Plaintiff suffered from an impairment "which results in marked and severe functional limitations." (R. 11-12; quoted language from 42 U.S.C. § 1382c(a)(3)(C)(1)).  In contrast, in the 2001 determination, the ALJ found that Plaintiff was not physically disabled as an adult, which requires a finding that plaintiff is *unable to work* due to a physical or mental impairment.  (R. 16-17; 42 U.S.C. § 423(d)(3)).  Because the 2001 inquiry into whether Plaintiff was disabled as an adult depended on his ability to work, it was not identical to the 1997 inquiry into whether Plaintiff was disabled as a child.  Accordingly, this Court finds that the ALJ was correct in determining that res judicata and collateral estoppel did not apply.

10.    Plaintiff's second argument is that the case should be remanded for further proceedings because the ALJ failed to incorporate in his findings the assessment of State Agency Review Psychiatrist Dr. Hillary Tzetzo, who had noted that Plaintiff would have difficulty with social interaction at work. (Plaintiff's Brief, pp. 8-9).  Dr. Tzetzo's notes

indicate that Plaintiff suffered from moderate difficulties in maintaining social functioning, but that

> He should be able to [1] understand and follow basic work directions in a low contact work setting, [2] maintain attention for such work tasks, [3] relate generally adequate [sic] to a supportive work supervisor for such work tasks, and [4] use judgement to make basic work related decisions in a low contact work setting.

(R. at 151).  In his hypothetical question to the vocational expert, the ALJ described an individual with "a mental impairment," "with limitations in learning new tasks and performing complex work," and with "limitations that involve adapting to time stressors, such as work that involves a lot of distraction or work that requires piecework or something inherently stressful."  (R. at 211).  The ALJ continued that "[t]he individual does have the ability to follow simple job instructions, perform repetitive tasks with only mild supervision, [and] . . . perform such tasks in a consistent and reliable manner."  (R. at 211-12).  With these limitations the vocational expert testified that the hypothetical individual could perform Plaintiff's past work as a dishwasher.  (R. at 213).  Accordingly, this Court finds that the ALJ adequately accounted for Plaintiff's social limitations in finding that he was not disabled within the meaning of the Social Security Act.

      12.    After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision in this case.  Specifically, the medical evidence and opinions contained in the record (including the vocational opinion), in conjunction with Plaintiff's testimony, support the ALJ's determination.  This Court finds no reversible error in the ALJ's overall weighing of the evidence or in his credibility determination, and finds that substantial evidence of record supports his decision. Accordingly, Defendant's Motion for Judgment on the Pleadings is granted and Plaintiff's

motion seeking the same relief is denied.

      IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 10) is GRANTED.

      FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 12) is DENIED.

      FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

      SO ORDERED.

Dated:   August 16, 2007
          Buffalo, New York

                                             /s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                            United States District Judge